1

2

3

4

5

6

7

8

9

10

11

12                    **IN THE UNITED STATES DISTRICT COURT**

13                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

14

15   CEDRIC GREENE,                          CASE NO. CV-F-06-0807 LJO DLB P

16                    Plaintiff,             ORDER DISMISSING COMPLAINT,
                                             WITH LEAVE TO AMEND
17        vs.
                                             [Doc. 1]
18   K. LARGE, et al.,

19                    Defendants.
                                        /
20

21   I.      Screening Order

22           A.      Screening Requirement

23           Plaintiff  is a state prisoner proceeding pro se and in forma pauperis in a civil rights action

24   pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on June 26, 2006.

25            The court is required to screen complaints brought by prisoners seeking relief against a

26   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court

27   must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

28   or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

                                               1

1  from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any

2  filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time

3  if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

4  granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

5       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which

6  relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the

7  claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984),

8  citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners

9  Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must

10  accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees,

11  425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve

12  all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

13       B.       Summary of Plaintiff's Complaint

14       The events at issue in this action allegedly occurred at the California Correctional Institution,

15  where plaintiff is presently incarcerated. Plaintiff names Captain Large, Sergeant Mayo and Appeals

16  Coordinator Sampson. Plaintiff is seeking monetary relief.

17            1.       Denial of Access to the Courts

18       In his complaint, plaintiff alleges that on February 23, 2006, he arrived at the California

19  Correctional Institution. Upon placement in housing, plaintiff alleges he informed the named defendants

20  that he needed to advise the Court of his new location and that he needed to work on his pending

21  litigation. Plaintiff contends defendants did not issue his legal material until March 24, 2006 and he was

22  therefore denied access to the court for 30 days.

23       Although plaintiff alleges that he was denied access to the courts, plaintiff's allegations do not

24  support such a claim. Inmates have a fundamental constitutional right of access to the courts. Lewis

25  v. Casey, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance

26  the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights

27  actions. Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate

28  effectively once in court. Id.

2

1      Inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries and

2 legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do

3 not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish

4 relevant actual injury by establishing that his prison's law library or legal assistance program is subpar

5 in some theoretical sense." Id. Rather, an inmate claiming interference with or denial of access to the

6 courts must show that he suffered an actual injury. Id.

7      Plaintiff has alleged no facts that demonstrate he suffered an actual injury. The fact that plaintiff

8 was not able to litigate his action as effectively as he might have liked or was subject to a temporary

9 delay, without more, does not give rise to an access claim.

10      Moreover, plaintiff's allegations against defendant Sampson relating to his inmate appeal also

11 fail to state a cognizable claim under section 1983. The Due Process Clause protects prisoners from

12 being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

13 In order to state a cause of action for deprivation of due process, a plaintiff must first establish the

14 existence of a liberty interest for which the protection is sought. "States may under certain

15 circumstances create liberty interests which are protected by the Due Process Clause." Sandin v.

16 Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to

17 freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the

18 ordinary incidents of prison life." Sandin, 515 U.S. at 484.

19      "[A prison] grievance procedure is a procedural right only, it does not confer any substantive

20 right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v.

21 DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.

22 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance

23 procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure

24 confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence,

25 it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the

26 Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp.

27 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the

28 basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Defendants' actions in responding to plaintiff's appeal, alone, cannot give rise to any claims for relief under section 1983 and plaintiff has not alleged any other facts that demonstrate that defendants violated his rights under federal law.  Accordingly, plaintiff fails to state any claims upon which relief may be granted under section 1983.

D.    Conclusion

The court finds that plaintiff's complaint fails to state any claims upon which relief may be granted under section 1983.  The court will grant plaintiff leave to file an amended complaint.

In his amended complaint, plaintiff shall state as briefly as possible the facts of his case, describing how each defendant is involved, and plaintiff shall not give any legal arguments or cite to any cases or statutes.  (See Form Complaint, § IV, enclosed with this order.)  Plaintiff shall separate his claims, so that it is clear what his claims are and who the defendants involved are.  Further, for each claim, plaintiff shall clearly and succinctly set forth the facts that plaintiff believes give rise to the claim.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;

2.    The Clerk's Office shall send plaintiff a civil rights complaint form;

4

1

2

    3.       Within thirty (30) days from the date of service of this order, plaintiff shall file an

            amended complaint; and

3

    4.       If plaintiff fails to file an amended complaint in compliance with this order, the court will

4

            recommend that this action be dismissed, without prejudice, for failure to state any

5

            claims upon which relief may be granted.

6

7

IT IS SO ORDERED.

8

   **Dated:**   **April 19, 2007**                  **/s/ Dennis L. Beck**

9

                                 UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28